UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In RE: LAKE GEORGE TORT CLAIMS,                1:05-cv-1408

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Defendant moves to bifurcate the issues of liability and damages. Defendant contends that bifurcation is appropriate because the issues of liability and damages are separate and distinct; litigating the issue of liability could obviate the need to litigate the issue of damages; allowing the jury to consider the damages in conjunction with liability would be unduly prejudicial; and Plaintiffs will not be prejudiced by bifurcation. Plaintiffs respond that there would be a hardship due to the inconvenience imposed upon the elderly witnesses who would have to travel from outside New York to testify twice (once on liability and once on damages); bifurcation would lengthen the trial; the issues of liability and damages are intertwined; and Defendant has failed to demonstrate prejudice.

"Rule 42(b) of the Federal Rules of Civil Procedure affords a trial court the discretion to order separate trials where such an order will further convenience, avoid prejudice, or promote efficiency." See Fed. R. Civ. P. 42(b); Amato v. City of Saratoga Springs, N.Y., 170 F.3d 311, 316 (2d Cir. 1999). "Therefore, bifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue . . . or where one party will be prejudiced by evidence presented against another party. . . . Amato, 170 F.3d at 316 (citing Vichare v. AMBAC Inc., 106 F.3d 457, 466 (2d Cir. 1996) and Fed. R. Civ. P. 42(b)).

Here, the Court finds that the concerns of efficiency and avoiding undue prejudice warrant bifurcation. "The separation of issues of liability from those relating to damages is an obvious use for Federal Rule 42(b)." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2390 (3d ed. 2008). "There is little doubt that the separation of liability from damages in personal injury cases may save time." Id. Although several of Plaintiffs' witnesses will testify on the issues of both liability and damages, those issues are separable and not intertwined. Thus, for example, testimony concerning how the *Ethan Allen* was loaded, the condition of the lake on the date in question, the operation of the *Ethan Allen*, whether the witness saw another ship pass by at a certain time, whether the witness saw a wave approach the *Ethan Allen*, whether the witnesses saw a wake from the *Mohican* ; the actions taken by the captain of the *Ethan Allen, etc.,* are separate and distinct from the issues concerning personal injuries sustained as a result of the accident, fear of impending death, observations of seeing other passengers (or family members) drown, emotional harm caused by the accident, and other matters pertaining to damages. See Witherbee v. Honeywell, Inc., 151 F.R.D. 27, 29 (N.D.N.Y. 1993) (Scullin, J.).

Moreover, the Court finds that bifurcation is warranted to avoid undue prejudice. Plaintiffs plan to introduce evidence concerning the several drownings, including testimony from persons who witnessed the drownings. This "may arouse juror sympathy and frustrate the jury's deliberation on complex factual issues regarding the" cause of the capsizing of the *Ethan Allen*. Colon ex rel. Molina v. BIC USA, Inc., 199 F. Supp.2d 53, 98 (S.D.N.Y. 2001). Although Plaintiffs attempt to simplify the liability issue in this case, see Hacker Aff. at ¶ 24 ("Either the *Mohican's* wake was a proximate cause or it was not."); Pl's Mem. of Law at 4 ("Richard Paris, Captain of the Ethan Allen, will testify that it was the Mohican's wake which

caused the capsize.  The jury will either believe him, or they will not; that is not complicated."), the Court believes that, as evidenced by the summary judgment motion, liability is not that easily determined.  Both sides have retained several experts to analyze the myriad of factors that go into ascertaining whether a wake from the *Mohican* could have caused the *Ethan Allen* to capsize.[1]  The factors include, but are not limited to, the conditions on the lake, the weight and speed of the two boats, the design of the boats, the time the *Mohican* is alleged to have passed the *Ethan Allen*, and the distance of the boats to each other and to the shore.

       Further, the Court finds that, under the facts and circumstances of this case, a bifurcated trial is likely to be more efficient.  In essence, the Court is presented with a case involving one issue of liability and thirty issues of damages.  The issue of liability is common to all Plaintiffs.  The issue of damages, however, is distinct to each Plaintiff.  Twenty Plaintiffs drowned.  Although Plaintiffs intend to streamline the evidence as to the deceased Plaintiffs through the use of one expert, the expert will necessarily have to testify with respect to each of the deceased Plaintiffs individually.  There also will be witnesses testifying concerning loss of parental guidance.  There are ten surviving passengers who are Plaintiffs in this action.  Plaintiffs represent that each survivor will testify with respect to their pain and suffering and fear of impending death on their own behalf and on behalf of the individuals who did not survive.  Trying the issue of liability before the issue of damages may avoid the need for all the individualized damages-related testimony, which, contrary to Plaintiffs' representations, the Court believes is likely to take a significant amount of time.

---

[1] Defendants have listed four such expert witnesses and Plaintiffs have listed three.

Plaintiffs' concerns can be ameliorated by: (1) using the same jury for both phases of the trial; and (2) conducting the damages phase of the trial immediately upon the conclusion of the liability phase (if necessary).

For the foregoing reasons, Defendant's motion to bifurcate the trial is GRANTED. IT IS SO ORDERED.

Dated: May 10, 2010

_____
Thomas J. McAvoy
Senior, U.S. District Judge