10-4754-cv
In Re Lake George Tort Claims

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1 .  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand twelve,

Present:  JOHN M. WALKER, JR.,
ROSEMARY S. POOLER,
DEBRA ANN LIVINGSTON,
*Circuit Judges*.

_____

IN RE LAKE GEORGE TORT CLAIMS

                                                                 10-4754-cv

_____

Appearing for Appellant:    James E. Hacker, Thomas D. Buchanan, Hacker Murphy, LLP, Latham, N.Y.

Appearing for Appellee:    Jeffrey Ian Carton, Joanna Frances Sandolo, Meiselman, Denlea, Packman, Carton & Eberz P.C., White Plains, N.Y.

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiffs-appellants Leo Urbaniak, et al., appeal the grant of a motion for summary judgment in favor of defendant-appellee Scarano Boat Building, Inc. ("Scarano"), in their negligence action brought under New York law. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's grant of summary judgment de novo. *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 206 (2d Cir. 2006). "Summary judgment is warranted when,

MANDATE

MANDATE ISSUED ON 03/05/2012

after construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor, there is no genuine issue as to any material fact." *Guest v. Hansen,* 603 F.3d 15, 20 (2d Cir. 2010); Fed. R. Civ. P. 56(c). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

Appellants' claims arise under the New York law of negligence. Under that law, "[i]n order to set forth a prima facie case of negligence, the plaintiff's evidence must establish (1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) that such breach was a substantial cause of the resulting injury." *Merino v. N.Y.C. Transit Auth.*, 218 A.D. 2d 451, 457 (N.Y. App. Div. 1996), *aff'd* 89 N.Y. 2d 824 (1996). "Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party." *Espinal v. Melville Snow Contractors,* 98 N.Y. 2d 136, 138 (2002). "The existence and scope of an alleged tortfeasor's duty is, in the first instance, a legal question for determination by the courts." *Sanchez v. State of New York*, 99 N.Y. 2d 247, 252 (2002) (internal citation omitted).

Under New York law a contractual duty alone will not give rise to tort liability in favor of a third party. *Espinal*, 98 N.Y. 2d at 138. Because Scarano's only duty to build the canopy arose out of its contract with Shoreline, it can only be liable if it falls into one of the exceptions to a contractor's general lack of duty to third parties. A "party who enters into a contract to render services may be said to have assumed a duty of care--and thus be potentially liable in tort--to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely." *Id.* at 140 (alteration in original) (citations and internal quotation marks omitted). Appellants argue that Scarano launched a force or instrument of harm when it built a canopy that was unsafe for a forty-eight passenger boat, or, in the alternative, that it launched a force of harm when it failed to conduct or recommend a stability test.

We agree with the district court's determination that the relevant comparison for this analysis is the boat with the old canopy versus the boat with the Scarano-constructed canopy. Appellants concede that there is no admissible evidence as to the old canopy's weight. There can accordingly be no comparison of the danger posed by that canopy versus the new one, and thus, there can be no triable issue of fact as to whether Scarano had created or exacerbated a dangerous condition by building and installing the second canopy. While there may be "some metaphysical doubt as to the material facts," "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). Accordingly, there can be no issue for trial. Scarano cannot be said to have launched a force or instrument of harm by building the canopy and thus had no duty to appellants.

Appellants attempt to sidestep this conclusion by arguing with renewed force on appeal that the dangerous condition created by Scarano was the direct result of its failure to conduct or to recommend a stability test. But such an argument necessarily fails if appellants' argument as to the canopy itself does. If Scarano launched a force of harm by building the canopy, then its

failure to stop that force of harm by recommending the stability test would be part and parcel of its original negligence. But if it did not launch a force of harm, as we have concluded was the case, then any failure to stop that force was at most withholding a benefit. Only if "conduct has gone forward to such a stage that inaction would commonly result, not negatively merely in withholding a benefit, but positively or actively in working an injury, [does] there exist[] a relation out of which arises a duty to go forward." *Moch Co. v. Rensselaer Water Co.*, 247 N.Y. 160, 167 (1928) (Cardozo, C.J). As noted, appellants concede that no admissible evidence has been presented as to the weight of the vessel with the old canopy; accordingly, there is no evidence enabling a jury to find that Scarano "actively. . . work[ed] an injury." *Id.*

We have examined the remainder of appellant's arguments and find them to be without merit.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3